## RICHARDS *v.* WHITTLE & a.

Upon a contract to pay a certain debt to become due against the plaintiff, the defendant is liable as soon as the debt is due and unpaid; and the measure of damages is the amount of the debt unpaid at the commencement of the action; and the costs of a suit to which the plaintiff has been subjected, can not be shown to enhance the damages.

Upon a contract to indemnify against covenants in a lease, the defendant is not liable for costs of defending an action upon such covenants, which creditors have instituted to preserve to themselves the benefit of their attachments upon the plaintiff's property.

ASSUMPSIT. The declaration alleged that the defendants on the 10th day of June 1839, in consideration that the plaintiff had on that day assigned to them a lease of a certain tavern-stand in Goffstown made by one Eliphalet Richards, Jr., to the plaintiff, bearing date May 1, 1838, by an instrument in writing under their hands, promised the plaintiff to save him harmless in all respects from his covenants in said lease during the remainder of the term, and to pay all rents the plaintiff had agreed to pay, and to discharge all liabilities that might arise to the plaintiff by virtue of the lease, yet the defendants had not saved the plaintiff harmless or paid the rents, &c. The writ was dated March 23, 1843. Plea the general issue.

In support of the action, the plaintiff offered in evidence a written contract signed by the defendants, and described in the declaration. Also the lease from Eliphalet Richards to him, dated May 1, 1838, and assigned to the defendants, which was for the term of five years from date, at the annual rent of $350, payable quarterly on the first days of August, November, February, and May.

It appeared further that on the third of December 1842 Eliphalet Richards brought an action against the plaintiff, to recover two quarters' rent due on the first of August and the first of November 1842. This writ was served by an attachment of certain personal property of the plaintiff, December 31, 1842.

---
Richards *v.* Whittle.
---

Upon the entry of that action, subsequent attaching creditors were admitted to defend the suit. Judgment was rendered for the plaintiff Eliphalet Richards, for $196.95 damages, and $34.42 costs, previous to the trial in this case, but that judgment had not been satisfied.

A verdict was taken for the plaintiff by consent, for the amount of that judgment; upon which judgment is to be rendered or the verdict is to be amended and judgment entered for nominal damages, or set aside and judgment entered for the defendants, according to the opinion of the Superior Court upon the foregoing case.

*Parker,* for the plaintiff.

*Bell, Morrison, and D. Steele,* for the defendants.

GILCHRIST, J. It may not be necessary to determine the exact terms and conditions of the defendants' liability upon their covenant to indemnify the plaintiff, and save him harmless in all respects from his covenants in the lease named in the case. They have expressly agreed to pay all the rents that the plaintiff had agreed to pay, and to discharge all his liabilities. This they have not done, and the moment that they failed to pay such rents falling due, this action lay against them at the plaintiff's suit. *Fish* v. *Dana,* 10 Mass. 46; *Crofoot* v. *Moore,* 4 Vermont 209.

The measure of damages is the sum that the defendants agreed to pay, with interest. That the plaintiff has been subjected to the inconvenience and expense of a suit in consequence of the defendants' omission to keep his engagement to pay this money, can not be shown to increase his claim for damages.

Upon the covenant or agreement to indemnify, the plaintiff can not recover the costs, because they have been occasioned by other parties, and have not grown out of

the covenants in the case. The attaching creditors who defended are bound to see them paid.

*There must be judgment on the verdict for* $196.95.